IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

CHASTIN BETRON MOORE,

    Plaintiff

VS.

Deputy Warden JAMES HINTON, *et al.*,   :   NO. 5:13-CV-93 (MTT)

    Defendants

**O R D E R**

*Pro se* Plaintiff **CHASTIN BETRON MOORE**, an inmate at Macon State Prison ("MSP"), has filed a *pro se* civil rights complaint under 42 U.S.C. § 1983 (Doc. 1) and a motion to proceed *in forma pauperis* (Doc. 3). Solely for purposes of the Court's dismissing this action, leave to proceed *in forma pauperis* is hereby **GRANTED**.

*I. STANDARD OF REVIEW*

Pursuant to 28 U.S.C. § 1915A(a), a federal court is required to conduct an initial screening of a prisoner complaint "which seeks redress from a governmental entity or officer or employee of a governmental entity." Section 1915A(b) requires a federal court to dismiss a prisoner complaint that is: (1) "frivolous, malicious, or fails to state a claim upon which relief may be granted"; or (2) "seeks monetary relief from a defendant who is immune from such relief."

A claim is frivolous when it appears from the face of the complaint that the factual allegations are "clearly baseless" or that the legal theories are "indisputably meritless." **Carroll v. Gross**, 984 F.2d 392, 393 (11th Cir. 1993). A complaint fails to state a claim

when it does not include "enough factual matter (taken as true)" to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]" **Bell Atlantic Corp. v. Twombly**, 550 U.S. 544, 555-56 (2007) (noting that "[f]actual allegations must be enough to raise a right to relief above the speculative level," and that the complaint "must contain something more . . . than … a statement of facts that merely creates a suspicion [of] a legally cognizable right of action") (internal quotations and citations omitted); **see also Ashcroft v. Iqbal**, 129 S. Ct. 1937, 1949 (2009) (explaining that "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice").

In making the above determinations, all factual allegations in the complaint must be viewed as true. **Brown v. Johnson**, 387 F.3d 1344, 1347 (11th Cir. 2004). Moreover, "[p]ro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." **Tannenbaum v. United States**, 148 F.3d 1262, 1263 (11th Cir. 1998).

In order to state a claim for relief under section 1983, a plaintiff must allege that: (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the act or omission was committed by a person acting under color of state law. **Hale v. Tallapoosa County**, 50 F.3d 1579, 1581 (11th Cir. 1995). If a litigant cannot satisfy these requirements, or fails to provide factual allegations in support of his claim or claims, then the complaint is subject to dismissal. **See Chappell v. Rich**, 340 F.3d 1279, 1282-84 (11th Cir. 2003) (affirming the district court's dismissal of a section 1983 complaint because the plaintiffs factual allegations were insufficient to support the alleged constitutional violation). **See also** 28

U.S.C. § 1915A(b) (dictating that a complaint, or any portion thereof, that does not pass the standard in section 1915A "shall" be dismissed on preliminary review).

## II.  BACKGROUND

Plaintiff complains about the loss of two mail packages.  As an inmate in segregation, Plaintiff is apparently prohibited from receiving packages.  He states that Defendant Deputy Warden James Hinton offered to take delivery of packages intended for Plaintiff.  According to Plaintiff, packages were mailed to Hinton with this understanding in April and September 2012, but the packages were lost or stolen. Hinton allegedly stated that he never received the packages.

In addition to Hinton, Plaintiff sues Warden Gregory McLaughlin and mailroom employees Claudia Hall and Ms. Colbert.  Hall and Colbert allegedly first told Plaintiff they gave the packages to Hinton and later stated they returned the packages to sender. Plaintiff sues McLaughlin because he denied Plaintiff's grievances and "failed to do anything."

As relief, Plaintiff seeks compensation of $225 for each of the two packages and a declaration that Plaintiff's rights were violated.

## III.  DISCUSSION

Whether Defendants Hinton, Hall, and Colbert acted negligently or intentionally in depriving Plaintiff of his packages, Plaintiff has failed to state a colorable constitutional claim.  As the Supreme Court held in **Hudson v. Palmer**, 468 U.S. 517, 533 (1984):

> [A]n unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available. For intentional, as for negligent deprivations of property by state employees, the state's action is

not complete until and unless it provides or refuses to provide a suitable postdeprivation remedy.

*See also Daniels v. Williams*, 474 U.S. 327, 328 (1986); *Parratt v. Taylor*, 451 U.S. 527, 542 (1981).

The State of Georgia, pursuant to O.C.G.A. § 51-10-1, provides an adequate postdeprivation remedy for Plaintiff's loss of property. Thus, Plaintiff has failed to allege a colorable constitutional claim against Hinton, Hall, and Colbert.

Plaintiff similarly has failed to allege a colorable claim against Warden McLaughlin. "Section 1983 liability may not be imposed simply because a defendant denied an administrative grievance or failed to act based upon information contained in a grievance." *Lee v. Michigan Parole Bd*, 104 F. App'x 490, 493 (6th Cir. 2004); *see also Bingham v. Thomas*, 654 F.3d 1171, 1177 (11th Cir. 2011) ("An inmate has no constitutionally-protected liberty interest in access to [a prison grievance] procedure.").

### III. CONCLUSION

Based on the foregoing, this action is **DISMISSED** under 28 U.S.C. § 1915A for failure to state a claim upon which relief may be granted.[1]

**SO ORDERED**, this 3rd day of June, 2013.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT

cr

---

[1] Plaintiff's pending motions for appointment of counsel (Doc. 2) and entry of default (Doc. 6) are **DENIED AS MOOT**.